UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KATHLEEN NEVILLE,

                              Plaintiff,

        v.                                              Civil Action No. _____

ZWICKER & ASSOCIATES, P.C.,

                              Defendant.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, and for intentional infliction of emotional distress under the common law of the State of New York.

2. .

### II. JURISDICTION AND VENUE

3. Jurisdiction of this court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1331.

4. Supplementary jurisdiction exists for Plaintiff's claims under state law pursuant to 28 U.S.C.§1367.

5. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

6. Plaintiff Kathleen Neville is a natural person residing in the County of Niagara and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. Defendant Zwicker & Associates, P.C. is a lawfirm organized and existing as a professional corporation under the laws of the State of Masachusetts, and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

8. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

9. Defendant regularly attempts to collect debts alleged to be due another.

10. All references to "Defendant" herein shall mean the Defendant or an employee of said Defendant.

## IV. FACTUAL ALLEGATIONS

11. That Plaintiff incurred a credit card obligation to American Express.  This debt will be referred to as "the subject debt."

12. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes.  As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

13. That Plaintiff defaulted on the subject debt.

14. That after Plaintiff's default, American Express hired Defendant to attempt to collect the subject debt.

15. That Brian LaVanga, an employee of Defendant, called Plaintiff on multiple occasions in an attempt to collect the subject debt.  During Plaintiff's first conversation with Mr. LaVanga, he stated that he was going to send someone to my home "to get" me.  He then feigned a conversation with an unidentified coworker at his office in which he confirmed that he was sending someone to my home.  This threat scared the Plaintiff.

16. That in Plaintiff's second conversation, Mr. LaVanga repeated his threat to send someone to her home.

17. Subsequent to her conversations with Mr. LaVanga, Plaintiff was called by Jay Cruz, a different employee of the Defendant.  Mr. Cruz called Plaintiff a "deadbeat" and questioned how she could sleep at night.  He then stated that it was "too bad" that she did not have a husband who could pay her bills.  When Plaintiff asked for his name, Mr. Cruz stated that "people like you don't deserve to know the names of people who pay their bills".  Eventually, Mr. Cruz identified himself.

18. That Jay Cruz and Plaintiff engaged in additional telephone conversations thereafter.  In each of those conversations, Mr. Cruz made repeated disparaging remarks about Plaintiff's character of a similar character as he had made in his first telephone call with her.

19. That the campaign of harassing telephone calls from Mr. LaVanga and Mr. Cruz described above occurred over a number of months.

20. That all of the acts attributed to the Defendant above occurred with one year of the date of this complaint.

21. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

### V. COUNT ONE
(Fair Debt Collection Practices Act
and 15 U.S.C. §1692 et seq.)

22. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 21 above.

23. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

24. Defendant violated 15 U.S.C. §1692d, 15 U.S.C. §1692d(2), and 15 U.S.C. §1692f, by reason of the threats and disparaging remarks they made to Plaintiff as described in this complaint.

25. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

### VI. COUNT TWO
(State claim for Intentional Infliction of Emotional Distress)

26. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 25 of this complaint.

27. Upon information and belief, Defendant acted with malice, insult, and reckless disregard for the rights of Plaintiff.

28. Upon information and belief, Defendant's conduct as alleged in this complaint was intentionally and maliciously done with the intent of inflicting emotional distress on Plaintiff.

29. That as a result of the Defendant's conduct described in this complaint, Plaintiff suffered actual damages, including but not limited to extreme emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendants for:

(a)  Actual damages;

(b)  Statutory damages pursuant to 15 U.S.C. §1692k and 47 U.S.C.§223(b)(3)(B).

(c)  Punitive damages.

(d)  Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(e)  For such other and further relief as may be just and proper.

## VII. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: July 23, 2010

/s/ Kenneth R. Hiller_____
Kenneth R. Hiller, Esq.
Seth Andrews, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com
         sandrews@kennethhiller.com